# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| MATT RHOADES, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE FUND, | ) ) ) ) No. 1:25-cv-2173 |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| COMPUSYS OF UTAH, INC., a dissolved Utah corporation, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, LLP, complain against Defendant, COMPUSYS OF UTAH, INC. a Dissolved Utah corporation, as follows:

## JURISDICTION AND VENUE

1. (a) Jurisdiction of this cause is based upon the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132, more specifically 1132(a)(2), 1132(a)(3) and 1132(a)(5) ("ERISA") as well as 28 U.S.C. Section 2201, diversity of citizenship jurisdiction under 28 U.S.C. Section 1332, and this Court's supplemental jurisdiction under 28 U.S.C. Section 1367.

(b) Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this district, where the Fund as described in Paragraph 2, is administered and 29 U.S.C. Section 185(c).

## PARTIES

2. (a) The Plaintiffs in this action is MATT RHOADES TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE FUND, ("the Fund"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1). All Plaintiffs are citizens of the State of Indiana.

(b)     The Fund has been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union Local 692 ("Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Fund.

3.     Defendant, COMPUSYS OF UTAH, INC., a Dissolved Utah corporation (hereafter "CompuSys") was incorporated as a Utah corporation, and is doing business within this Court's jurisdiction. Defendant is a citizen of the State of Utah.

## STATEMENT OF FACTS

4.     On January 1, 2023, the Fund entered into an Agreement for Administrative Services with CompuSys, wherein CompuSys agreed to provide HRA Administrative Services per Exhibit A of the Agreement. (*See attached Exhibit 1, Agreement for Administrative Services*).

5.     In the Agreement, CompuSys was retained by the Fund to provide certain administrative and data processing services for Plaintiff. (*See attached Exhibit 1, Section L, paragraph 8*).

6.     In the Agreement, CompuSys acknowledged that all data produced in the performance of the Agreement is the property of the Trustees of the Fund. (*See attached Exhibit 1, Section M, paragraph 1*).

7. In the Agreement, effective January 1, 2024, either party may terminate this Agreement by giving the other party notice, in writing, not less than ninety (90) days prior to the date of its desire to terminate this Agreement. (*See attached Exhibit 1, Section G, paragraph 3*).

8. In the Agreement: "[i]n the event of the termination of the Agreement, all of the Fund's records shall be turned over to the Trustees or to any successor administrator as may be designated by the Trustees immediately following the date of such termination, and CompuSys shall cooperate fully on such transfer of records with any successor administrator as may be designated by the Trustees in order to affect a smooth and complete transaction of administration services." (*See Exhibit 1, Section G, paragraph 2*).

9. The Agreement further provides that "CompuSys agrees to make timely delivery of data within the reasonable time after the initial request for such data." (*See Exhibit 1, Section H*).

10. The Agreement defines "Data" to include written reports, reproduction, magnetic tapes, discs, cards, hard copy forms, drawings and works of any similar nature which are specifically to be delivered under this Agreement. (*See Exhibit 1, Section A, paragraph 4*).

11. On May 14, 2025, CompuSys forwarded a letter to the Fund notifying the Fund that CompuSys was terminating the Agreement for Administrative Services effective August 14, 2025. (*See Exhibit 2*).

12. Despite the requirement set forth above in paragraph 8 above that CompuSys shall turn over all of the records to the Trustees immediately following the date of termination, CompuSys has failed to return some records to the Fund.

13. The Fund contacted CompuSys and demanded the records be turned over per the terms of the agreement, but CompuSys has continued to retain the records and has failed to return certain records to the Fund.

## COUNT I – BREACH OF ERISA FIDUCIARY DUTY AGAINST COMPUSYS

14. Paragraphs 1-13 are incorporated herein by reference as if fully set forth.

15. Jurisdiction over this Count I is based upon 29 U.S.C. Section 1132(a)(2), 1132(a)(3) and 1132(a)(5).

16. The data and records improperly retained by Compusys are assets of the Welfare Fund and the ERISA Plan.

17. CompuSys is a fiduciary to the Plan, as they exercised authority and control over these plan assets.

18. CompuSys breached its fiduciary duty with respect to the Fund solely in the interest of the Fund's participants and beneficiaries, thereby violating 29 U.S.C. Section 1104(a)(1)(A), by failing to return the plan assets to the Fund per the terms of the Agreement.

19. CompuSys's ongoing failure to return the Funds assets has damaged the Fund in that it cannot properly administer the Fund on behalf of the Fund beneficiaries without these records.

**WHEREFORE**, Plaintiff prays for relief as follows:

A. This Court find and declare that the Fund is not in breach of the Agreement;

B. This Court find and declare that CompuSys is a fiduciary to the Fund, and that they have breached their fiduciary duty to the Fund;

C. This Court order that CompuSys return all Plan assets to the Fund per the terms of the Agreement;

D. This Court find and declare that CompuSys breached the contract with the Fund.
.

E. This Court award the Fund's attorneys' fees and other expenses of this action; and

F. This Court grant such other and further relief to which the Fund may be entitled,

at law or in equity.

## **COUNT II – BREACH OF CONTRACT UNDER THE COMMON LAW**

20. This Count II arises from a common nucleus of operative fact with Count I and is pendent thereto. Jurisdiction over this Count II is based upon this Court's diversity of citizenship jurisdiction under 28 U.S.C. Section 1332 and this Court's supplemental jurisdiction over this Count II pursuant to 28 U.S.C. Section 1367.

21. Paragraphs 1-19 are incorporated herein by reference as if fully set forth.

22. The Agreement entered into between the Fund and CompuSys on January 1, 2023 constitutes a contract as it sets forth terms of performance by both parties, as well as consideration.

23. The Fund has complied with the terms of the contact by paying CompuSys to perform the duties set forth in the Agreement.

24. CompuSys, however, has failed to comply with the terms of the contract by failing to return the assets of the Fund, in violation of the specific terms of the Agreement.

25. The Fund suffered damages as they were not able to properly administer the ongoing claims of their participants and beneficiaries.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. This Court find and declare that the Fund is not in breach of the Agreement;

B. This Court order that CompuSys return all Plan assets to the Fund per the terms of the Agreement;

D. This Court find and declare that CompuSys breached the contract with the Fund.

E. This Court award damages in the amount in excess of $75,000.00 due to the and breach of contract;

F. This Court award prejudgment interest on the amount of damages awarded;

G. This Court award the Fund's attorneys' fees and other expenses of this action; and

      H.      This Court grant such other and further relief to which the Fund may be entitled, at law or in equity.

                                    Respectfully submitted,

                                    MATT RHOADES, et. al

                                  By:    /s/ Donald D. Schwartz
                                                  One of their Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415
dds@aandklaw.com